

FILED BG
2/11/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED

AUG 30 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

SHAROGERLENE COOPER,            )
                                )
        PLAINTIFF               )
                                )
        v.                      )       1:18-cv-05990
                                )       Judge Sara L. Ellis
AON HEWITT INVESTMENT           )       Magistrate Judge Sidney I. Schenkier
CONSULTING INC.,                )
                                )
        DEFENDANT.              )

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, SHAROGERLENE COOPER (hereinafter "COOPER"), and files her Complaint against the Defendant, AON HEWITT INVESTMENT CONSULTING INC. (hereinafter "AON"), and says:

### NATURE OF THE CLAIMS

1.      This is an action for monetary damages and injunctive relief, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (hereinafter the "FMLA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (hereinafter the "IHRA").

2.      This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of her disability and retaliation under the ADA and Defendant's

18 AUG 30 PM 5: 10

18 AUG 30 PM 5: 10

retaliation and interference against Plaintiff for exercising her rights under the FMLA, both leading to her unlawful termination.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

4.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the IHRA pursuant to 28 U.S.C. §1367(a).

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6.     Plaintiff, COOPER, is and was at all times material hereto, a citizen of the State of Illinois, residing in Kane County, Illinois.

7.     Plaintiff, COOPER is informed and believes, and upon that basis alleges, the Defendant, AON, is and was at all times material hereto, a for-profit Illinois corporation doing business in this district, with its principal place of business at 200 E. Randolph St., Suite 1500, Chicago, IL 60601.

8.     Defendants is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

9.     Plaintiff has complied with all statutory prerequisites to filing this action.

10.    On or about October 24, 2016, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against AON, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), on the base of her disability and retaliation.

11.    Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12.    On or about March 1, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue.

13.    An EEOC filing automatically operates as dual-filing with the Illinois Department of Human Rights.

## FACTS

14.    At all material times, Plaintiff worked for Defendant in Illinois.

15.    Plaintiff was employed by Defendant, for approximately two (2) years, and at the time her employment was involuntarily terminated, held the position of Benefits Delivery Specialist.

16.    While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position.

17.    Plaintiff was a full-time employee who regularly worked, or exceeded forty (40) hours per week.

18.    Defendant subjected Plaintiff to disparate and discriminatory treatment based on her medical condition.

19.   Plaintiff suffers from a medical condition.

20.   Plaintiff's medical condition causes substantial impairment in her major life activities and causes painful physical, and psychological, symptoms.

21.   At all times relevant, Defendant was aware of Plaintiff's medical condition.

22.   Throughout Plaintiff's employment she was on various medical accommodations, including FMLA from time-to-time.

23.   On or about August 3, 2016, Plaintiff requested, and was granted, FMLA leave intermittently.

24.   Plaintiff's effective date was August 2, 2016, through September 1, 2016, with an estimated FMLA eligibility date of September 2, 2016.

25.   Plaintiff's requests were specific to that in the form of absences from work and reduced hours, more specifically, to come in a few hours late.

26.   Plaintiff's request for reduced hours would not have caused an undue hardship to Defendant.

27.   On or about August 24, 2016, Plaintiff's applied for recertification of her ADA accommodations, in the form of reduced hours.

28.   Plaintiff was notified by Human Resources that her accommodation request was in the review period.

29.   Plaintiff was notified by Human Resources that while her request was in the review period, her accommodation request was in effect, as if her request had been approved.

30. While Plaintiff's accommodation request was in the review period, she notified her employer of the days she would arrive to work late, per the terms of her accommodations.

31. Defendant involuntarily terminated Plaintiff, while her accommodation request was in the review period.

32. Plaintiff has been damaged by Defendant's illegal conduct.

33. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: Disability Discrimination under the ADA

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

35. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

36. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

37. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

39. Plaintiff has been damaged by the illegal conduct of Defendant.

40. Defendant's discriminatory conduct, in violation of the ADA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 2: Disability Discrimination under the IHRA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

44. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the IHRA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

45. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

46. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

47. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on her disability.

48. Plaintiff has been damaged by the illegal conduct of Defendant.

49. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

50. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 3: Retaliation under the ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

53. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by involuntarily terminating her employment.

54. Defendant's conduct violates the ADA.

55. The Plaintiff has satisfied all statutory prerequisites for filing this action.

56. Defendant's discriminatory conduct, in violation of the ADA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count 4: Retaliation under IHRA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

59. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the IHRA by involuntarily terminating her employment.

60. Defendant's conduct violates the IHRA.

61. The Plaintiff has satisfied all statutory prerequisites for filing this action.

62. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

63. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

64. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 5: FMLA Interference

65.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

66.     Plaintiff was an employee eligible for protected leave under the FMLA.

67.     Defendant is and was an employer as defined by the FMLA.

68.     Plaintiff exercised or attempted to exercise her rights under the FMLA.

69.     Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

70.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

71.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count 6: FMLA Retaliation

72.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

73.     Plaintiff was an employee eligible for protected leave under the FMLA.

74.     Defendant is and was an employer as defined by the FMLA.

75.     Plaintiff exercised or attempted to exercise her rights under the FMLA.

76.     Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

77.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

78.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to
        which she is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)  Grant a permanent injunction enjoining Defendant from engaging in any
    employment practice violative of the ADA or IHRA.

b)  Declare Defendant's conduct to be in violation of the ADA and IHRA and
    order Defendant to institute policies, practices and programs which provide
    equal employment opportunities for individuals and which eradicate the
    effects of its past and present unlawful practices;

c)  Enter judgment requiring Defendant to pay back wages and back benefits
    found to be due and owing at the time of trial, front-pay, compensatory
    damages, including emotional distress damages, in an amount to be proved at
    trial, punitive damages, liquidated damages, and prejudgment interest thereon;

d)  Grant Plaintiff her costs and an award of reasonable attorneys' fees (including
    expert fees); and

e)  Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**Sharogerlene Cooper- Sessom**
**Address** PO Box 25, Algonquin IL 60102 (mailing Address)
**Phone Number** 224.600-7466